IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND

Michael Sheneman,  
    Plaintiff,

vs. : Case No. _____

David P. Jones,  
Newby Lawis Kaminski Jones LLP.,  : JURY TRIAL DEMANDED  
    Defendants.

## CIVIL LEGAL MALPRACTICE COMPLAINT
## UNDER TITLE 28 U.S.C. § 1332

**PRELIMINARY STATEMENT:**

   **NOW COMES,** Michael Sheneman, <u>pro se</u>, and respectfully submitts this legal malpractice complaint against the above-captioned defendants for suffered injuries resulting from same, and request compensatary and punitive damages rewared.

   Plaintiff affirmatively plead and will prove he suffered injuries resulting from defendants' negligence while representing him in a federal mortgage and wire fraud case by its failure to conduct his federal criminal legal proceedings according to established rules, i.e. "Indiana Rules of Professional Conduct, (I.R.P.C.), Rule 1.7 - Conflict of Interest." Constituting, violations of plaintiff's Six Amendmant right to effective assistance of counsel; and for the protection and enforement of private rights in violation of the Due Process Clause of the Fifth and Fourteenth Amendments.

Plaintiff affirmatively plead the following in support:

1. that this Court has diversity jurisdiction over this complaint under 28 U.S.C. § 1332.

2. that plaintiff is currently incarcerated at FCI-Elkton, in Lisbon, Ohio; and has a post-release residence with his wife in Saint Joseph, Michigan, at 1448 Lake Blvd, zip code 49085. See Exhibits A.

3. that defendants are residenced and practice law in Indiana, at P.O. Box 1816, La Porte, IN 46352 - Street Address: 916 Lincolnway, La Porte, IN 46350.

4. that defendants are sued in their individual and Limited Liability Partnership capacities. That being whomever was David P. Jones' supervising boss at the time relevant to this complaint.

5. that David P. Jones (Jones) have acted as an associate/partner/employee of Newby Lewis Kamiski Jones LLP (NLKJ), and continued to act at all times relevant to this complaint.

6. that Jones was appointed by the United States District Court, N.D. South Bend, under the Criminal Justice Act (CJA), on or about October 24, 2010, to represent plaintiff in case no. 3:10-CR-116, USA v. Michael Sheneman.

7. that Jones continued to represent plaintiff through direct appeal, ending on June 1, 2012.

8. that this complaint is filed within the limitations period, Indiana Code § 34-11-2-4.

9. that NLKJ shared in the fees paid under the CJA to represent plaintiff.

10. that Jones after being appointed to represent plaintiff discovered that the prosecution would be using a former client of defendants, Andrew J. Beam (Beam), as a witness against plaintiff.

11. that defendants former client, Beam is the sole owner of Superior Mortgage Funding LLC., the "center," and "place" of where plaintiff's criminal indictment originated.

12. that Jones failed to inform plaintiff and/or the District Court that Beam was a former client as required under the law, and pursuant to Rule 1.7, I.R.P.C.

13. that Jones failed to obtain informed consent, confirmed in writing, from plaintiff and/or Beam as required under Rule 1.7(b)(4), I.R.P.C.

14. that NLKJ (unnamed Supervisor, Boss) has a fiduciary duty to oversee Jones' due diligence and preparation of plaintiff's criminal defense to make sure its associate/employee is proceeding in accord with established rules and laws.

15. that Jones after learning that Beam was removed from the prosecution's witness list, and/or would not be called to testify against plaintiff, refused plaintiff's numerous request to subpoena Beam as a witness for plaintiff. Constituting, ineffective assistance of counsel.

16.  that the prosecution's theory being presented to the jury was that plaintiff was the owner of Superior Mortgage Funding.

17.  that Jones assured plaintiff that the prosecution has an sworn affidavit from Beam, stating: "Beam is the sole owner of Superior Mortgage Funding LLC."

18.  that Jones after realizing that the prosecution's theory had not changed, still refused plaintiff's request to subpoena Beam to rebute this theory.  Constituting, ineffective assistance of counsel.

19.  that the jury found plaintiff guilty in the federal criminal case for mortgage and wire fraud based on the theory that plaintiff was the owner of Superior Mortgage.

20.  that plaintiff loss the direct appeal of his conviction. The U.S. Court of Appeals for the Seventh Circuit reasoned that plaintiff was found by the jury to be the owner of Superior Mortgage Funding LLC., based on the prosuction's witness, Lauren Deusler, a employee of Superior Mortgage.  Deusler testified that she believed plaintiff is the owner of Superior Mortgage.

21. that Jones had first hand knowledge that plaintiff was not the owner of Superior Mortgage.  Plaintiff provided Jones with the Articles of Organization for Superior Mortgage, and documents that prove Beam purchased 100% of said company from Cris Stockbridge.  See Exhibit B.

22. that Jones represented Beam in <u>States of Indiana v. Andrew Beam</u>, case. no. 71D03-0510-FB-00134 - St. Joseph Circuit. October 6, 2005. <u>See</u> Ehhibit C.

23. that Jones had first hand knowledge by way of copies of loan applications provided by plaintiff, that his former client Beam had face-to-face interviews with the victims, and Beam, himself, approved and signed off on the loan application, thus received the commissions from said laons, (as Beam is the sole owner of Superior Mortgage), which plaintiff is convicted. Constituting, a violation of Rule 1.7(a)(1)&(2), I.R.P.C., and the Six Amendmant right to effective assistance of counsel.

24. that the documents plaintiff provided Jones was evidence that his former client may in fact be cuplable of the charges that plaintiff is convicted.

25. that Jones had first hand knowledge that his former client Beam was under the State of Indiana supervision, for probation or parole, and as his former client he could not implicate Beam in Plaintiff's defense of the charges, for fear the State of Indiana would find that Beam has violated supervision.

26. that Jones' loyalty was less then 100% in favor of plaintiff due to defendants former client Beam, in violation of Rule 1.7, General Principles [1], I.F.P.C., and plaintiff's Six Amendment right to effective assistance of counsel.

27. that Jones' conflict of interest harmed plaintiff in the defense of his liberty. Specifically, Jones' should have sub-

peonad Beam as an defense witness. Beam had first hand knowledge of the circumstances that took place in his company. As owner, the person who had face-to-face interviews with the victims, approved, signed off, and collected the fee income from the loans.

28. that Jones' negligent disregard for Rule 1.7, I.R.P.C., caused plaintiff suffering: "the loss of his liberty for 97 months in federal prison."

29. that Jones' negligent disregard for Rule 1.7, I.R.P.C., caused plaintiff suffering: "loss of his entire livelyhood, i.e. loss of home, could not re-finance do to fraud, loss of credit rating, loss of job, marriage is under strain, loss of reputation as an legal business person.

30. that Jones' negligant disregard for Rule 1.7, I.R.P.C., caused the violation of plaintiff's rights under the above mentioned Fith, Six, and Fourteenth Amendments.

**WHEREFORE**, plaintiff request that this Honorable Court grant the following relief:

A. Award <u>COMPENSATORY DAMAGES</u> in the following amounts:
  1. reinburse the U.S. District Court its monies paid Jones under the CJA.
  2. $650,000.00 for the loss of plaintiff's family residence.
  3. $1,500,000.00, for plaintiff's loss wages, loss of liberty, mental stress and anguish, and marital stress.

B. Award <u>PUNITIVE DAMAGES</u> in the following amounts:

1. $5,000,000.00, for David P. Jones' violation of the Indiana Rules of Professional Conduct, Rule 1.7: Conflict of Interest, that caused plaintiff's suffering.
2. $1,500,000.00, for Jones' Supervisor, Boss failure to supervise its associate/employee from violating the I.R.P.C., Rule 1.7 and failure to correct the violation that caused plaintiff's suffering.

C. Award such OTHER RELIEF as it may appear that plaintiff is entitled.

Respectfully submitted this     day of October, 2013;

/s/ Michael Sheneman
Michael Sheneman,
pro se
#11310-027
FCI-Elkton
P.O. 10
Lisbon, OH 44432

CERTIFICATE OF SERVICE

I, Michael Sheneman, hereby ATTEST, certify, and state under the penalty of perjury that I served a true copy of this Civil Legal Malpractice Complaint Under 28 U.S.C. § 1332, upon:

David P. Jones, Esq.  and,  Newby Lewis Kaminski Jones
Attorney at Law              Law Firm (unknown Person)
Newby Lewis Kaminski Jones LLP   916 Lincolnway
916 Lincolnway                   La Porte, IN 46350
La Porte, IN 46350

by placing same in the FCI-Elkton mailing system this    day of October, 2013, with first-class postage prepaid.

/s/ *Michael Sheneman*
Michael Sheneman
pro se
#11310-027
FCI-Elkton
P.O. Box 10
Lisbon, OH 44432