# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL SHENEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-1155-TLS |
| | ) | |
| DAVID P. JONES, and NEWBY, LEWIS, KAMINSKI, JONES, LLP, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Michael Sheneman, a pro se prisoner, filed a Motion for Reconsideration [ECF No. 11] pursuant to Federal Rule of Civil Procedure 59(e) asking the Court to reconsider its decision dismissing this case with prejudice because it was filed after the expiration of the statute of limitations. Sheneman argues that in Indiana the "continuous representation doctrine" is an exception to the "discovery rule" which extends the start date of the statute of limitations. *See Biomet, Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 767 (Ind. Ct. App. 2003) ("We adopt the continuous representation doctrine as an exception to our discovery rule.") He is correct. Here, the representation continued on appeal until June 1, 2012. Therefore, this complaint is not untimely. Thus, it was incorrect to have dismissed this case with prejudice because it was untimely and the judgment will be vacated.

Therefore, pursuant to 28 U.S.C. § 1915A, the court must determine whether the complaint states a claim. Sheneman brings this diversity action alleging that David P. Jones (and his law firm) committed malpractice when Jones refused to call Andrew J. Beam to testify in the federal criminal trial where Sheneman was found guilty of mortgage and wire fraud. *See United States v. Sheneman*, 3:10-CR-126 (N.D. Ind. filed October 13, 2010) and *United States v.*

*Sheneman*, 682 F.3d 623 (7th Cir. 2012). "Under Indiana law, the elements of legal malpractice are: (1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of the duty); and (3) that such negligence was the proximate cause of (4) damage to the plaintiff." *Van Kirk v. Miller*, 869 N.E.2d 534, 540–41 (Ind. Ct. App. 2007) (quotation marks and citations omitted). Here, Sheneman has plausibly alleged facts in support of each of those elements. Therefore, he will be granted leave to proceed against David P. Jones and Newby, Lewis, Kaminski, Jones, LLP, for legal malpractice.

However, it is unclear how this case should proceed after the defendants have been served because in his § 2255 petition Sheneman is alleging that Jones provided him with ineffective assistance of counsel based on these same events. *See Sheneman v. United States*, 3:12-cv-720 (N.D. Ind. filed November 7, 2012). Though Indiana does not require a plaintiff to have overturned his criminal conviction before proceeding with his legal malpractice claim, *Godby v. Whitehead*, 837 N.E.2d 146, 151 (Ind. Ct. App. 2005), it has

> recognized that a finding that counsel was not ineffective can provide the necessary identity of issues to preclude malpractice actions stemming from the same proceedings. In *Belford*, the plaintiff sued his lawyer, Daniel Byron, and Byron's law firm, McHale Cook & Welch (MCW), alleging legal malpractice. Particularly, Belford claimed that Byron committed legal malpractice when he represented Belford against charges that he conspired to make fraudulent statements and representations to the Securities and Exchange Commission. Belford pleaded guilty to those charges but later filed a motion to collaterally attack the validity of his guilty plea and sentence, in part, because Byron was ineffective. The District Court denied his motion, and on appeal, the Seventh Circuit Court of Appeals affirmed.
> 
> Then, Belford filed a complaint against Byron and MCW for legal malpractice. The trial court entered partial summary judgment in favor of Byron and MCW, and Belford appealed. On appeal, Belford claimed that the finding by the Federal District Court, later affirmed by the Seventh Circuit Court of Appeals, that he did not receive ineffective assistance of counsel should not act to collaterally estop his malpractice claims stemming from the same proceedings. Relying on Judge Shields' concurrence in *Hockett*, we rejected his contention and

2

> held that the issue of ineffective assistance of counsel was decided unfavorably to him and affirmed in a decision by the Seventh Circuit Court of Appeals. Therefore, Belford had been afforded a fair opportunity to litigate his claim that he was denied the effective assistance of counsel.

*Id.* at 152 (quotation marks and citations omitted). Here, Sheneman's § 2255 petition has not yet been resolved by the district court, but if he does not prevail on those claims that Jones was ineffective, litigating this case in the interim would have been a waste of both the parties' and judicial resources. Moreover, if he were to prevail in this case before his § 2255 proceedings concluded, it would risk inconsistent judgments. Therefore, after the defendants have entered an appearance, all parties need to address the question of whether this case should be stayed pending the resolution of Sheneman's § 2255 petition.

For the foregoing reasons, the court:

(1) **VACATES** the Order of Dismissal [ECF No. 9] and the Judgment [ECF No. 10];

(2) **GRANTS** Michael Sheneman leave to proceed against David P. Jones and Newby, Lewis, Kaminski, Jones, LLP, for legal malpractice;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 forms for David P. Jones and Newby, Lewis, Kaminski, Jones, LLP, to the United States Marshals Service along with a copy of the complaint and this order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on David P. Jones and Newby, Lewis, Kaminski, Jones, LLP;

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that David P. Jones and Newby, Lewis, Kaminski, Jones, LLP, respond, as provided for in the Federal Rules of Civil Procedure

and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(7) **ORDERS** the parties to file briefs by September 30, 2014, addressing whether this case should be stayed pending the resolution of *Sheneman v. United States*, 3:12-cv-720 (N.D. Ind. filed November 7, 2012) with response briefs, if necessary, due October 21, 2014.

SO ORDERED on July 7, 2014.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION