# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL SHENEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:13-CV-1155 TLS |
| | ) |
| DAVID P. JONES, and NEWBY, LEWIS, | ) |
| KAMINSKI, JONES, LLP, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a diversity action brought by Michael Sheneman, a pro se prisoner, alleging that David P. Jones (and his law firm) committed malpractice while representing him during his federal criminal proceedings. Those proceedings are *United States v. Sheneman*, 3:10-CR-126 (N.D. Ind. filed Oct. 13, 2010) and *United States v. Sheneman*, 682 F.3d 623 (7th Cir. 2012). Because Sheneman was raising the ineffectiveness of Jones in his 28 U.S.C. § 2255 motion challenging his convictions, the parties agreed to stay this case pending the resolution of *Sheneman v. United States*, 3:12-CV-720 (N.D. Ind. filed November 7, 2012). Accordingly, on September 29, 2014, this Court issued an order staying the case based on the parties' agreement [ECF No. 23]. Neither party disputes that *Sheneman v. United States*, 3:12-CV-720 (N.D. Ind. filed November 7, 2012) concluded when the Seventh Circuit denied a certificate of appealability on April 28, 2016. *Sheneman v. United States*, No. 15-2939, slip op. at 1 (7th Cir. Apr. 28, 2016).

The Defendants ask to lift the stay and dismiss the case because the unsuccessful adjudication of his § 2255 motion collaterally estops Sheneman from proceeding with this malpractice case. *Godby v. Whitehead*, 837 N.E.2d 146, 152 (Ind. Ct. App. 2005). Sheneman argues that the stay should remain because he has filed ineffective assistance of counsel claims

pursuant to 28 U.S.C. § 2241 in the Northern District of Ohio. Sheneman has filed three such cases, each one shortly after the previous one was summarily dismissed. In the first case, the court ruled that "[t]he petition sets forth no reasonable suggestion of a proper basis on which to raise these issues pursuant 28 U.S.C. § 2241." *Sheneman v. United States*, Case No. 4:15-CV-1907, slip op. at 2 (N.D. Ohio Oct. 26, 2015). In the second case, the court ruled "he is not entitled to any relief by way of § 2241." *Sheneman v. Hanson*, Case No. 4:15-CV-2554, 2016 WL 1084253, at *1 (N.D. Ohio Mar. 10, 2016). Although a third case was recently filed, *Sheneman v. United States*, Case No. 4:16-CV-1153 (N.D. Ohio filed May 16, 2016), that is not a basis for maintaining the stay. Alternatively, Sheneman asks for this case to proceed with the litigation of the merits of his claims. Even though his first § 2241 case is pending on appeal in the Sixth Circuit, the merits of his ineffective assistance of counsel claims were nevertheless conclusively adjudicated in his § 2255 proceeding. Therefore, he is collaterally estopped from relitigating those issues in this court.

Collateral estoppel, as is relevant to this case, was explained by the Indiana Court of Appeals, and its commentary is instructive.

> [A] finding that counsel was not ineffective can provide the necessary identity of issues to preclude malpractice actions stemming from the same proceedings. In *Belford*, the plaintiff sued his lawyer, Daniel Byron, and Byron's law firm, McHale Cook & Welch (MCW), alleging legal malpractice. Particularly, Belford claimed that Byron committed legal malpractice when he represented Belford against charges that he conspired to make fraudulent statements and representations to the Securities and Exchange Commission. Belford pleaded guilty to those charges but later filed a motion to collaterally attack the validity of his guilty plea and sentence, in part, because Byron was ineffective. The District Court denied his motion, and on appeal, the Seventh Circuit Court of Appeals affirmed.

> Then, Belford filed a complaint against Byron and MCW for legal malpractice. The trial court entered partial summary judgment in favor of Byron and MCW, and Belford appealed. On appeal, Belford claimed that the finding by the Federal District Court, later affirmed by the Seventh Circuit Court of Appeals, that he did not receive ineffective assistance of counsel should not act to collaterally estop his malpractice claims stemming from the same proceedings. Relying on Judge Shields' concurrence in *Hockett*, we rejected his contention and held that the issue of ineffective assistance of counsel was decided unfavorably to him and affirmed in a decision by the Seventh Circuit Court of Appeals. Therefore, Belford had been afforded a fair opportunity to litigate his claim that he was denied the effective assistance of counsel.

*Godby*, 837 N.E.2d at 152 ( internal quotation marks and citations omitted).

For these reasons, the stay is LIFTED and this case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 1, 2016.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION